SUMMARY ORDER

Petitioner Mohammed Firoj Shah, a native and citizen of Bangladesh, seeks review of an October 2, 2003, order of the BIA affirming the June 19, 2001, decision of Immigration Judge (“IJ”) Douglas B. Schoppert denying his applications for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”). In re Mohammed Firoj Shah, No. A73 634 797 (B.I.A. Oct. 2, 2003), aff'g No. A73 634 797 (Immig. Ct. N.Y. City June 19, 2001). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When, as here, the BIA upholds the IJ’s denial of relief, but affirms only portions of the IJ’s decision, we review the IJ’s decision as modified by the BIA. See Dong Gao v. BIA, 482 F.3d 122, 125 (2d Cir. 2007). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. See Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005). *327 Questions of law and the application of law to undisputed fact are reviewed de novo. See Secaido-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).
We conclude that the agency’s adverse credibility determination is supported by substantial evidence, as the IJ properly relied on the consular investigation report submitted by the Government to impugn Shah’s credibility. Shah’s challenge to the reliability of the consular investigation report is unavailing, as that report bears sufficient indicia of reliability to support the adverse credibility determination. See Zhen Nan Lin v. U.S. Dep’t of Justice, 459 F.3d 255, 269-71 (2d Cir.2006). In Zhen Nan Lin, we held that the following factors in consular investigation reports indicate their reliability: “(i) the identity and qualifications of the investigator(s); (ii) the objective and extent of the investigation; and (in) the methods used to verify the information discovered.” Id. at 271. Here, the consular report provides that Consular Officer Kirby Nelson and Anti-Fraud Assistant Ziaul Ahsan conducted the investigation at the Gournadi Police Station on August 25, 1999, for the purpose of verifying certain documents submitted by Shah, namely, the warrant of arrest, order sheet, first information report, and complaint. The report states that Nelson and Ahsan examined the official ledgers of the police station with the Officer-in-Charge, Inspector Ashraf Nan-di, and found that the case number listed on Shah’s documents, “17/91,” refers to a case that was opened on a different date than that indicated on Shah’s documents. Furthermore, they found that the charges listed in the ledgers for that case number were markedly different from the crimes with which Shah was charged as listed on the documents he submitted. Based on these discrepancies, the report concluded that Shah’s documents were “bogus.” The level of detail contained in the report lays a proper foundation for its conclusion and strongly suggests that it was conducted in a reliable manner. Cf. Zhen Nan Lin, 459 F.3d at 271-72 (finding inherently unreliable a consular report which did not indicate the investigator’s qualifications, did not identify the person who provided information to the investigator or when the conversation took place, and did not discuss the method used to verify the information provided to the investigator).
Shah argues that an affidavit from his attorney in Bangladesh, Nur Mohammed Howlader, contradicts the report. However, this argument is unavailing, as an IJ may choose to credit a consular report over an affidavit when such documents contain competing assertions. See Borovikova v. U.S. Dep’t of Justice, 435 F.3d 151, 158 (2d Cir.2006). Here, the IJ acknowledged Howlader’s affidavit and chose not to assign it significant weight. Because the weight afforded to evidence in immigration proceedings lies largely within the IJ’s discretion, see Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006), we cannot conclude that the IJ was compelled to find Howlader’s affidavit sufficiently persuasive to reject the consular report, see Borovikova, 435 F.3d at 158. The IJ’s finding that Shah’s documents were “not genuine” provides a proper basis to discredit Shah’s credibility, as “a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien’s uncorroborated or unauthenticated evidence.” See Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007). Accordingly, we need not consider the other findings upon which the IJ relied to support the adverse credibility determination. See Borovikova, 435 F.3d at 158 (finding that the IJ could have rested her adverse credibility determination solely on a finding that a birth certificate submitted by an asylum applicant was “likely fraudulent”). Finally, because Shah has failed to raise his withhold *328 ing of removal and CAT claims before this court, those claims are deemed abandoned. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED.